WORTH T. PROBST AND JANET PROBST, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Probst v. Commissioner
Docket No. 22913-89
United States Tax Court
T.C. Memo 1993-640; 1993 Tax Ct. Memo LEXIS 649; 66 T.C.M. (CCH) 1861; December 29, 1993, Filed *649 For petitioners: Jack Elon Hildreth, Jr.
For respondent: Christine V. Olsen. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge James M. Gussis pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: This case is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121. Respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)(1)
6653(a)(2)
6661(a)
1981
$ 15,713.00
$ 786
50% of the
--  interest due
on $ 15,713.00
1982
19,137.82
957
50% of the
$ 4,648
interest due
on $ 19,137.82
Respondent also determined that petitioners are liable for increased interest under section 6621(c) in 1981 and 1982 on *650 $ 15,713 and $ 19,137.82, respectively. Petitioners resided in Corona Del Mar, California, at the time they filed their petition. In their petition filed September 18, 1989, petitioners alleged that respondent erred in making the determinations set forth above, and alleged facts to support their allegations of error. Respondent filed an answer on October 23, 1989. On March 11, 1993, respondent served on petitioners' counsel a Request for Admissions requesting that the facts set forth therein be admitted or denied. On March 12, 1993, respondent's request was filed with the Court pursuant to Rule 90. Under Rule 90(c) requests for admissions are deemed admitted unless an answer or objection is served on the requesting party "within 30 days after service of the request or within such shorter or longer time as the Court may allow". If the time to file responses to the requests for admissions is not extended and no answers or objections to the requests for admission are filed within the 30-day period, each request is automatically deemed admitted without the entry of an order by the Court. ; , *651 affd. on another issue . Petitioners in the instant case have taken no affirmative action in response to respondent's request for admissions. The statements set forth in the request for admissions are therefore deemed admitted. The deemed admissions establish that the deficiency in tax in the instant case results from the disallowance by respondent of a claimed deduction for Worth T. Probst's (hereinafter petitioner) distributive share of the losses arising from his investment in Far West Drilling Associates (the Partnership). The Partnership is one of six limited partnerships which comprise the Petro-Tech National Litigation Project. All six partnerships were ostensibly recognized to (1) exploit their rights, pursuant to a sublicense, to market the innovative Terra-Drill oil and gas well drilling technology over exclusive territories, (2) conduct a developmental drilling program to exploit productive oil and gas wells in selected properties, and (3) conduct an exploratory drilling program. In , this Court held that the activities of the Partnership *652 were not engaged in with an honest objective of making a profit within the meaning of section 183 and lacked economic substance. The issues to be decided in the instant case are identical to those litigated in Webb, as that case relates to investors in the Partnership. The deemed admissions also establish that prior to investing in the Partnership, petitioner received an offering or private placement memorandum, or a prospectus or other promotional literature, with respect to the Partnership that described the anticipated tax advantages of an investment in the Partnership to an investor. The discussion of the anticipated tax benefits contained in the offering document, prospectus, or the promotional literature received by petitioner influenced his decision to invest in the Partnership. Petitioner possesses no specialized knowledge, degrees or certificates in the fields of petroleum engineering, drilling technology, or geology. He has no practical experience in, has never been employed in, and has never engaged in any business activity relating to the fields of petroleum engineering, oil and gas well-drilling technology, or geology. Petitioner has never possessed the ability *653 to knowledgeably evaluate the Partnership's claims either as to the anticipated profitability of the Terra-Drill technology or as to the expected revenue potential of the exploratory and developmental well-drilling programs. Petitioner did not seek independent or outside expert advice as to whether the Partnership was a good investment opportunity with a genuine profit potential. He did not seek to verify independently the Partnership's assertions regarding the anticipated tax benefits. Petitioner never conducted any kind of independent investigation into the technological or economic feasibility of the Terra-Drill concept or into the projected oil and gas reserves at the prospective drilling sites. Petitioner has never conducted an independent investigation as to whether the promoters and general partners of the Partnership had expertise in oil well drilling or in the marketing and distribution of oil well drilling technology. In preparing petitioners' Federal income tax return for the years at issue, petitioner (or petitioner's agent) relied solely on the statements of the promoters as to petitioner's distributive share of the Partnership's losses for that year and as to the *654 tax treatment of his investment in the Partnership. Petitioner did not personally request or review copies of any available financial statements, filings, or partnership tax returns for the Partnership, nor did he hire or engage any person to do so on his behalf. Respondent filed the instant motion for summary judgment on September 27, 1993, pursuant to Rule 121. Under Rule 121 summary adjudication may be made if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); . The party opposing the motion cannot rest upon the allegations or denials in his pleadings, but must "set forth specific facts showing that there is a genuine issue for trial". Rule 121(d). Respondent as the moving party has the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. . *655 Respondent's motion for summary judgment is supported by the deemed admissions. Matters deemed admitted under Rule 90 are conclusively established and are sufficient to support the granting of a motion for summary judgment. . Petitioners have not responded to the instant motion and the deemed admissions establish that no genuine issue of material fact exists as to respondent's deficiency determinations. . Accordingly, respondent is entitled to a decision with respect to such determinations as a matter of law. Section 6653(a)(1), provides that if any part of any underpayment of tax is due to negligence or intentional disregard of the rules or regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Section 6653(a)(2), provides for an addition to tax in the amount of 50 percent of the interest payable on the portion of any underpayment of tax which is attributable to negligence. Negligence, within the meaning of section 6653, is lack of due care or the failure to do what a reasonable and ordinarily *656 prudent person would do under the circumstances. . The deemed admissions establish that petitioners acted neither reasonably nor prudently in claiming the disallowed losses. Petitioner relied on the promotional material in making his investment. However, he possessed neither the knowledge nor expertise to evaluate the information contained in the promotional material. The deemed admissions establish that no genuine issue of material fact exists as to the issue and that respondent is entitled to a decision on this issue as a matter of law. Section 6661(a) provides for an addition to tax in the amount of 25 percent of any underpayment attributable to a substantial understatement of tax. Sec. 6661(a); . An understatement is substantial if it exceeds the greater of 10 percent of the correct tax or $ 5,000. Sec. 6661(b)(1)(A). The understatement of tax determined by respondent in the instant case exceeds $ 5,000. The deemed admissions establish that no genuine issue of material fact exists as to this issue and that respondent *657 is entitled to a decision on this issue as a matter of law. Section 6621(c) provides for an increased rate of interest for a substantial underpayment of tax attributable to one or more tax-motivated transactions. The increased rate of interest is 120 percent of the statutory rate imposed on underpayments if the underpayment exceeds $ 1,000 and is attributable to a tax-motivated transaction as defined in section 6621(c)(3). The increased rate of interest is applicable only with respect to interest accruing after December 31, 1984, even if the transaction was entered into prior to that date. , affd. without published opinion . A tax-motivated transaction includes any sham or fraudulent transaction. Sec. 6621(c)(3)(A)(v). The underpayment in this case exceeds $ 1,000 and the deemed admissions establish that the transaction herein involved lacked economic substance and was a sham transaction. The deemed admissions establish that no genuine issue of material fact exists with respect to this issue. Respondent is therefore entitled to a decision with *658 respect to this issue as a matter of law. An appropriate order and decision will be entered for respondent.